UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE FRANK NELSON,

                                                                                                                        DECISION AND ORDER

                              Petitioner,

                                                                                                                  21-CV-6694DGL

      v.

DOCCS/PAROLE,

                              Respondent.
_____

      Petitioner was convicted in 1994 in New York Supreme Court, Monroe County, of rape in the first degree, sodomy in the first degree, robbery in the second degree, kidnapping in the second degree, assault in the second degree, and grand larceny in the fourth degree. He was sentenced by the judge to an aggregate term, including consecutive sentences, of 30 to 90 years incarceration.[1]

---

[1] The sentencing judge, obviously disturbed at the crimes, sentenced him accordingly. At sentencing, the court gave the following harsh statement:

> I sentence you to eight and a third years to twenty-five years in the New York State Department of [C]orrections. You kidnapped her. In the course of your kidnap[,] you assaulted her[;] in the course of the robbery and grand larceny you did too, and that's assault second, count six of the indictment. I sentence you to two and a third years to seven years in the New York State Department of Corrections. That's to run concurrently with the kidnapping because you did it concurrently with the kidnapping.
>
> On count three of the indictment, your robbery of her, the one where you took the money, threatened her and walked away laughing, I sentence you to five to fifteen years in the New York State Department of Corrections, and on court four, the grand larceny count, I sentence you to one and a third to four years.
>
> The five to fifteen and the one and a third to four for robbery and grand larceny respectively are to run concurrently with each other and concurrently with the assault charge, but they are to run consecutively to the kidnapping charge because you could have kidnapped her and assaulted her and then just said, gee, my

The original commitment order, however, was in error, failing to fully articulate the consecutive sentences. (Dkt. #16-2 at 35).

Nelson's conviction was modified on direct appeal to the Fourth Department. In a decision dated December 30, 1996, the Appellate Division vacated the kidnapping and assault convictions but affirmed the balance of the charges. *People v. Nelson*, 234 A.D.2d 949 (N.Y. App. Div. 1996). DOCCS acknowledged the Appellate Division's decision in a memorandum stating that Nelson then stood convicted of crimes with the aggregate sentence of 21 2/3 to 65 years imprisonment. (Dkt. #16-2 at 108-09). DOCCS, then relying on New York Penal Law § 70.30, determined that the sentence was "deemed" to have a maximum of only 50 years, thus effectively REDUCING Nelson's potential jail commitment by 15 years. (*Id.* at 109). The Monroe County Clerk then issued an amended commitment form to reflect the Fourth Department's decision. (*Id.* at 111).

---

> conscience is telling me not to do this and not rob her, not stolen a hundred and what odd dollars from her, but you made a conscious personal decision to add to your kidnapping and your assault and so I make a conscious and personal decision to give you the equal dignity of adding to your sentence because you did a separate and distinct thing, so the robbery and GL charges are consecutive to the kidnapping.
>
> Well, you robbed her, you stole her property, you beat her up, you could have ended the kidnapping and left, but, no, you chose to sodomize her, and so for your choice in doing that and your conviction of sodomy which is found in count, sodomy first degree, found in count two, I sentence you to eight and a third to twenty-five years, to be served consecutively to your kidnapping conviction and to your robbery/grand larceny convictions.
>
> In addition to that, you could have left after you sodomized her, but you chose, no, you would continue on, and so then you raped her and she begged you not to do that, and so since you made a conscious, independent decision not to stop after you sodomized this person and to rape her, I sentence you to eight and a third years to twenty-five years in the New York State Department of Corrections to run consecutively to count two, which is your sodomy of her, and to run consecutively to your robbery and kidnapping of her, and that is the sentence of the Court.

(Dkt. 16-2 at 30-33).

Pending before the Court is Nelson's third federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Nelson filed his first federal habeas corpus petition in the Western District of New York in 2003. This Court dismissed the petition as untimely. (Dkt. #16-2 at 456-59). In 2019, Nelson filed a second petition, Petition for Writ of Habeas Corpus, *Nelson v. DOCCS*, 6:19-CV-6540 (W.D.N.Y. July 3, 2019), ECF No. 1; this Court transferred the petition to the Court of Appeals for the Second Circuit where petitioner's motion for leave to file a successive motion was denied, USCA Mandate, *Nelson v. DOCCS*, 6:19-CV-6540 (W.D.N.Y. July 15, 2020), ECF No. 24.

However, in its Mandate, the Second Circuit stated,

> To the extent Petitioner challenges any post-judgment decision of the Department of Corrections and Community Supervision ("DOCCS") calculating his sentence, the motion is DENIED as unnecessary. No prior § 2254 petition filed by Petitioner challenging a DOCCS sentence calculation has been found; thus it appears that a new § 2254 petition making such a challenge would not be successive. . . . However, we decline to transfer this case to the district court, because Petitioner has failed to provide or identify any *order* miscalculating his sentence. . . . Nonetheless, the denial of the current motion is without prejudice to Petitioner filing, in the district court, a § 2254 petition challenging a DOCCS or court order allegedly miscalculating his sentence, after exhausting his state court remedies.

Then, perhaps buoyed by the Circuit's Mandate, Petitioner filed this third habeas corpus petition on November 15, 2021, sixteen months after the Circuit's Mandate issued in the second habeas corpus case. This third petition is largely unclear, and at times, unintelligible. From what the Court can gather, Petitioner claims a constitutional violation because DOCCS took steps, based on New York Penal Law § 70.30, to <u>reduce</u> his 65-year maximum sentence. Nelson claims that this procedure was impermissible, and that the sentence calculation had to be determined by a court and not DOCCS.

Respondent has responded to the petition and contends that this third habeas corpus petition is a successive petition and that this Court should refer the matter to the Second Circuit as it did

3

when Nelson filed his second habeas corpus petition. (Dkt. #16). Because Nelson's grounds in his third habeas corpus petition are not at all clear, determining whether it is in fact a successive petition is not obvious. Therefore, I decline to refer the matter to the Second Circuit as a successive petition.

I am guided by the Circuit's Mandate in the second habeas corpus petition, essentially giving Nelson leave to file yet another habeas corpus petition if the claims relate to DOCCS's calculation. Giving the petition a very broad reading, it appears that is the gist of Nelson's now-claim.

The Mandate referenced did underscore the need for Nelson to exhaust remedies in state court, and I believe he has failed to do so. Apparently, Nelson filed certain grievances at the institution, but such a procedure is not sufficient like an Article 78 or CPL 440 application. Respondent states that Nelson's first Article 78 petition – the only petition out of the two filed that Nelson properly appealed – concerned denial of his parole. (*See* Dkt. #16-1 at 11, 20 n.6). However, because respondent could not locate the original petition, and Nelson has not provided it, it is unclear whether Nelson included in it arguments about DOCCS' alleged improper calculation. Therefore, this Court cannot determine whether Nelson exhausted the current claim by fairly presenting it to the state courts. Nonetheless, I consider the merits because I believe the issue is clear – it does not involve any constitutional violation whatsoever.

At the outset, this principle must be kept in mind. In reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super appellate court, to decide matters of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 68 (1991). That long established principle was reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Nelson describes what happened here as an improper calculation by DOCCS and not a court, but Nelson fails to understand or misstates what has occurred. The New York State Legislature adopted New York Penal Law § 70.30 to set a cap on sentences that could be deemed to be excessive. All DOCCS did here was follow the dictates of state law in calculating Nelson's release dates. It did not alter the judicially imposed sentence.

Based on the Fourth Department's decision and the trial judge's sentence, it appears that the maximum sentence imposed was 65 years and based on the Penal Law statute, when that occurs, the sentence is "deemed" to be no more than 50 years. *See People v. Moore*, 61 N.Y.2d 575, 578 (N.Y. 1984); *People v. Graczyk*, 210 A.D.2d 996, 997 (N.Y. App. Div. 1994) ("The further contention of defendant that his sentence should be modified because he was under the impression that he would receive a maximum term of 25 to 50 years imprisonment is without merit. . . . Moreover, defendant's sentence will be reduced by operation of law to the statutory maximum (*see*, Penal Law § 70.30[1][c][iii]). The statutory calculation will be made by the Department of Correctional Services."); *see also People v. Smith*, 179 A.D.2d 903, 903 (N.Y. App. Div. 1992) ("[T]he 20-year aggregate limitation imposed by Penal Law § 70.30(1)(c)(i) for consecutive sentences does not require a modification of his sentences. The statute requires only that the Department of Correctional Services determine the aggregate maximum length of imprisonment consistent with the applicable statutory limitations." (internal quotation marks omitted)).

Thus, as noted, this action by DOCCS provided a significant benefit to Nelson. That action by DOCCS was authorized by statute and there was no need at all for any judicial intervention or resentencing. By DOCCS's action, Nelson's time in custody was greatly reduced. DOCCS makes judgments in other respects. For example, granting good time. *Adams v. Annucci*, 2018 WL

4608216, at *6 n.6 (S.D.N.Y. Sept. 25, 2018) ("[A] prisoner may be detained only on account of the judgment and sentence entered by the court. . . . However, DOCCS calculates a defendant's ultimate release date, which includes the sentences imposed by the court, but is based on factors other than the length of his sentence … such as … the availability of so-called good time credits." (internal quotation marks omitted)).

On the merits, I find no constitutional violation whatsoever by DOCCS following state law to drastically reduce the latest date of Nelson's release. To the extent Petitioner suggests otherwise, DOCCS took no action to increase Nelson's sentence. The action was entirely favorable to him.

Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
          October 26, 2023.